J. B. WHITE et al., Respondents, v. W. B. McCRACKEN et al., Defendants; LUCRETIA K. CRAWFORD, Appellant.

Kansas City Court of Appeals, March 4, 1901.

1. **Wills:** RULE OF CONSTRUCTION: SUBSTITUTING WORDS. Under the rule prevailing in this State, that due regard should be paid to the true intent of the testator in construing his will, the courts may put in or take out words to effectuate such intention.

2. ———: ———: SPECIFIC AND GENERAL WORDS. The intent of the testator, however, should be exceedingly clear in order to overcome the usual meaning of the express words of the will; and where general and specific words are used, the specific designation will control a general declaration not consistent therewith.

3. ———: ———: ———: RULE APPLIED. A will provided: "As to my share * * * in the estate of my brother * * * *, I dispose of as follows: First, I direct that my just debts, etc., be paid; I give and bequeath to my daughter L, etc., ten dollars; all the rest and residue of my personal estate, etc., I give and bequeath to my

White v. Crawford.

three sons," etc. *Held*, that the will only disposed of the testatrix's interest in the personal estate of her brother and did not affect her interest in his real estate, which descended on her death to her heirs.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED (*with directions*).

*Basom & Buckley* for appellant.

(1)  As this will only professes to dispose of personal estate, so in express terms it can not be intended that its scope can be enlarged so as to include the real estate in controversy. Redfield on Wills (3 Ed.), p. 308, sec. 2; Farish v. Cook, 78 Mo. 212; Watson v. Watson, 110 Mo. 164; Balliett v. Veal, 140 Mo. 187; Peck v. Shanklin, 43 W. Va. 304; 27. S. E. 389; Kelley v. Kelley (C. P.), 8 Kulp. 362; Eckford v. Eckford (Iowa), 53 N. W. Rep. 345; Marshall v. Hadley (N. J. Ch.), 25 Atl. 325.

*Gage, Ladd & Small, Sharpe & Sharpe,* and *E. O. Brown* for respondent.

(1)  There is no doubt whatever that Mrs. Logan intended to dispose of her entire estate, both real and personal, including her interest in the estate of her deceased brother, William Byers.  And this manifest intention will not be defeated by the word "personal" as the same appears in her will. Where it is clear on the face of the will that the testator has not accurately or completely expressed his meaning by the words he has used, and it is also clear what are the words he omitted, those words may be supplied or read into the will in order to effectuate the intention as gathered from the context.

Briant v. Garrison (Mo.), 52 S. W. Rep. 361; 29 Am. and Eng. Ency. of Law (1 Ed.), 367, 371, 372, 375; 2 Jarman on Wills (5 Am. Ed.), 344 to 349 inclusive; Hofins v. Hofins, 92 Pa. St. 305; R. S. 1889, sec. 8916; Nichols v. Boswell, 103 Mo. 151; Thompson v. Thompson, 115 Mo. 56. (2) The underlying principle in construing a will is to ascertain the intention of the testator. Turner v. Timberlake, 53 Mo. 371; Gaines v. Fender, 57 Mo. 342; Smith v. Hutchinson, 61 Mo. 83; Allison v. Chaney, 63 Mo. 279; Long v. Timms, 107 Mo. 512; Watson v. Watson, 110 Mo. 164; Murphy v. Carlin, 113 Mo. 112; Redman v. Barger, 118 Mo. 568; Owen v. Eaton, 56 Mo. App. 563. And this intention is to be gathered not from single words or phrases, but from a consideration of the whole instrument and the general design and scope of it. Chew v. Keller, 100 Mo. 362; Preston v. Brandt, 96 Mo. 552; Reinders v. Koppelman, 94 Mo. 338; Shumate v. Bailey, 110 Mo. 411.

ELLISON, J.—Mrs. Elizabeth Logan resided and died in the State of Pennsylvania. Her heirs are four children, parties to this controversy, their names being John, James and Charles Logan and Lucretia Crawford. Her estate in Pennsylvania consisted of $1,400 due to her from the sale of some property to a church in that State, and $160 in money. Her estate in Missouri consisted of her inheritance from her deceased brother Byers, a bachelor who died in Jasper county. That inheritance was an interest in some real estate in said county and $381.51 in money in the hands of the administrator of her brother's estate. In the year of her death Elizabeth made her will, that portion bearing on this controversy being as follows:

"As to such estate as I may have at the time of my death I dispose of the same as follows, viz:

"*Item.* The sum of fourteen hundred dollars ($1,400) due me from the sale of my property to the U. B. Church Congregation of Fayetteville, Franklin county, Pa., due and payable on the first day of April, A. D. 1898. The said sum of fourteen hundred dollars ($1,400) I give and bequeath to my son John B. Logan to him for his own use and benefit absolutely.

"As to my share or interest in the estate of my brother the late William Byers, Joplin, Missouri, I dispose of as follows:

"First, I direct that my just debts and funeral expenses be paid.

"*Item.* I give and bequeath to my daughter Lucretia K. Crawford, widow of the late James Crawford, ten dollars ($10).

"All the rest and residue of my personal estate, whatsoever and wheresoever of what nature, kind and quality soever the same may be and not hereinbefore given and disposed of (after paying my debts, legacies and funeral expenses), I give and bequeath to my three sons, viz., John B. Logan, James M. Logan and Charles A. Logan, share and share alike for their use and benefit forever."

After the death of Byers and after the death of Mrs. Logan, there was a suit in partition of the real estate of said Byers, all parties in interest being made parties. The decree was that the estate be sold and that the money arising thereon be held by the sheriff to abide the event of a contest of Elizabeth's will, which was being carried on in the courts in Pennsylvania.

The motion which is the basis of this proceeding was filed by Lucretia for the purpose of having the decree modified as far as concerns the sheriff holding the money arising from the sale of the real estate and directing him to pay it out to the

heirs, John, James and Charles and Lucretia, in equal parts. We take it that the motion is bottomed on the idea that if the will be set aside in Pennsylvania, Lucretia would be entitled to share equally with her brothers; and that if the will be sustained still she is entitled, under the will, to an equal share in the real estate of the deceased, Byers, since, as she contends, the real estate was not disposed of by the will. So the real question for our decision is, whether the will disposes of the real estate which the testator inherited from Byers, or whether it disposed of the personalty only. It will be noticed that the will, after devising to her son John the $1,400 due from the sale of church property, then refers to the testatrix *"share or interest in the estate of my brother* the late William Byers of Joplin, Missouri, which I dispose of as follows: I give and bequeath to my daughter Lucretia, ten dollars. All the rest of my *personal* estate whatsoever and wheresoever, and of whatever kind or quality not hereinbefore disposed of, I give to my three sons, John, James and Charles." Lucretia contends that the will, by its express terms, only disposes of the personal estate, while the others contend that the intent of the testatrix, as disclosed by the will, is to dispose of the whole estate, both personal and real. Lucretia bases her claim on the express declaration of a disposition of the personalty, while the others contend that the entire context shows an intent to dispose of the whole estate and that the word "personal" should be eliminated.

The rule in this State follows the declaration of the statute in that respect, that in construing a will, due regard shall be paid to the true intent and meaning of the testator. R. S. 1889, sec. 8916; Briant v. Garrison, 150 Mo. 655. As shown by that case and others cited therein, it is sometimes proper for the courts to put in or take out the words of a will in order to effectuate the intent of the testator. But we are of the

White v. Crawford.

opinion that it must undoubtedly be true that where the question is as to the true intent as against the express words to the contrary, the intent must be exceedingly clear in order to overcome the usual meaning of the express words. Unless the intention is manifest to the contrary, express words should be allowed to control. In the present case, we can not discover any such manifestation of the testator's intention not to allow her language in the latter part of her will to have its ordinary meaning. The chief argument in support of her alleged intention as against her express words, is, that at the beginning of her disposal of her interest in her brother's estate she uses the expression: "As to my share or interest in the estate of my brother, the late William Byers of Joplin, Missouri, I dispose of as follows." We do not see where such expression (connected with what follows) discloses a clear intent to dispose of the *whole* of such estate both real and personal. Indeed, in view of what follows, the contrary appears. Suppose a person is possessed of a large estate composed of realty and personalty, and he should begin a will with the expression: "I dispose of my estate as follows," and should follow such expression with a disposal, in express terms, of the personal estate only, where is there any authority for the law to add to this and include real estate? Would it not be altogether reasonable to say that the intention in using the first expression of "my estate" meant personal estate? Is it not manifest that that was all that was meant? What greater right has a court to strike out the word "personal" in the last clause of this part of the will than it would have to insert that word in the first clause? On the score of intention we belive there would be more reason in inserting that word in the first clause of this part of the will than there is for striking it out of the second clause. For the first clause is general and the last is specific, and it is a well-recognized rule of con-

struction of language, either in statutes or wills, that a specific designation will control a general declaration which is not consistent with the specific designation.

We are aware of the presumption which exists in the construction of wills, viz.: that a testator intends to dispose of all his estate. This presumption simply aids a general intent. "But the general intent can not control directions plainly to the contrary, or enlarge dispositions beyond their clear meaning." Watson v. Watson, 110 Mo. 164; Given v. Hilton, 95 U. S. 591. That portion of the will in question, left to John, James and Charles the personalty of the Byers' estate, and the other personalty in Pennsylvania not already left to John subject to debts if any and expense of burial.

Since the judgment at which this motion strikes, provides for its modification by the court in the future at the instance of either of the parties or all of them, we will reverse the judgment and remand the cause with directions to sustain the motion.

*Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.